## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**NICHOLAS LARON BEAVER,**

       **Plaintiff,**

      **v.**                                  **CASE NO. 25-3087-JWL**

**TOPEKA SOCIAL SECURITY
OFFICE, Commissioner of Social
Security Administration,**

       **Defendant.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Nicholas Laron Beaver is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Douglas County Jail in Lawrence, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that he was denied due process when the Social Security Administration ("SSA") failed to responsd to his mail.  (Doc. 1, at 3.)  Plaintiff alleges that this has deprived him of money and benefits that are currently due and prevented him from having the funds to hire an attorney or to pay bond.  *Id*.

Plaintiff alleges that he was "approved for SSI and SSDI," and because he was only arrested and not convicted, he should continue to receive the monthly benefits until he is convicted and serving a sentence.  *Id*.   Plaintiff alleges that the SSA office has not responded to

him.  *Id*.  Plaintiff asks this Court to order the SSA to pay back pay, to start monthly benefits, and to provide records of the dates of payments and related offsets.  *Id*.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff does not allege that he is challenging a final decision by the SSA.  In fact, he alleges that his benefits have been allowed.  His claim is based on his failure to receive a response to mail he sent to the SSA.

Plaintiff does not have a § 1983 claim against the Social Security Administration ("SSA") or the Commissioner of the SSA.  *See Bingham v. Soc. Sec. Admin.*, 2014 WL 3891746, at *1 (D. D.C. 2014) (dismissing case where two state prisoners purported to sue SSA, the IRS, and the U.S. Secretary of State, finding that "section 1983 establishes a private cause of action against state actors for constitutional violations and, therefore, does not apply to the federal defendants sued here.").

Likewise, Plaintiff does not have a *Bivens* cause of action.  "The Supreme Court has held that there can be no *Bivens* cause of action against the United States government, a federal agency (such as the Social Security Administration) or government officers in their official capacities, because the deterrent effect on the individual would be lost." *Banks v. Gillie*, 2004 WL 5807334, at *4 (E.D. La. 2004) (citing *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 571, 484–86 (1994)) ("Thus, Banks cannot state any *Bivens* claim against the Social Security Administration or any of its officers because his allegations relate to action that could only be taken in an official capacity"), *adopted by* 2004 WL 626816 (E.D. La. 2004).

This Court has also previously held that a claim against the SSA is not properly brought in a habeas action.  *See Bradin v. Thomas*, 2019 WL 2005773, at *3 (D. Kan. 2019).  The Court held that it had previously noted in a prior order that:

> If Petitioner intends to pursue a claim against the Social Security Administration, he needs to follow the Social Security administrative procedures rather than proceeding in this habeas action. *See Head v. New Mexico Dep't of Corr.*, No. 16-CV-

4

00509-MCA-GJF, 2016 WL 9777224, at *1–2 (D. N.M. Sept. 27, 2016) (finding petitioner's amended petition frivolous and stating that "Petitioner is not in the custody of the Social Security Administration, the Social Security Administration is not a named respondent, and this Court lacks jurisdiction to grant habeas relief against the Social Security Administration"); *see also Treece v. Louisiana*, No. 2:08-cv-1486, 2008 WL 5480566, at *1 (W.D. La. Dec. 5, 2008) (report and recommendation) ("[i]n denying petitioner's request for relief, the Fifth Circuit noted (as did the Eastern District) that petitioner's challenge to the Social Security Administration's decision to withhold his social security benefits based on his incarceration was not cognizable in an application for habeas corpus."); *Gray v. People of Calif.*, No. CV 13-0742 JVS (SS), 2014 WL 1325312, at *6 (C.D. Cal. April 2, 2014) (noting petitioner's previous petition was meritless and was dismissed where petitioner failed to challenge his conviction or sentence and instead requested review of the Social Security Administration's alleged denial of benefits).

*Id*. (citation omitted).

"District Courts have jurisdiction to review final decisions of the Commissioner of Social Security under 42 U.S.C. § 405(g)." *Evans v. Soc. Sec. Admin.*, 2022 WL 2718609, at *3 (E.D. Pa. 2022). However, Plaintiff in this case has not alleged that he is disputing a final decision. Instead, he is upset that he has not received a response to his mail.

The Court in *Evans* found that it was "not clear from Evans's Complaint that he has sought to resolve his claim against the Commissioner through administrative proceedings and thereby obtained a final decision from the Commissioner, which this Court would then have jurisdiction to review." *Id*. (citing *Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998) ("Ordinarily, judicial review is barred absent a 'final decision' by the Commissioner of Social Security.") (citation omitted)). Plaintiff has not asserted that there is a final decision by the Commissioner that would vest this Court with jurisdiction. In any event, Plaintiff's action under § 1983 is subject to dismissal. *See Major v. Soc. Sec. Admin.*, 2024 WL 4369695, at *1 (N.D. Cal. 2024) ("Plaintiff's attempt to challenge the decision by the SSA through a section 1983

action is inappropriate . . . he must use the court form 'Complaint for Judicial Review of Decision of Commissioner of Social Security,' to appeal an administrative decision.").

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **June 20, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated May 20, 2025, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**