IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS LARON BEAVER,

    **Plaintiff,**

    v.                                                                         CASE NO. 25-3087-JWL

**FRANK BISIGNANO,**[1]
**Commissioner of Social Security,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Douglas County Jail in Lawrence, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On May 20, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Docs. 5, 6).

Plaintiff alleges that he was denied due process when the Social Security Administration ("SSA") failed to respond to his mail. (Doc. 1, at 3.) Plaintiff alleges that this has deprived him of money and benefits that are currently due and prevented him from having the funds to hire an attorney or to pay bond. *Id*.

Plaintiff alleges that he was "approved for SSI and SSDI," and because he was only arrested and not convicted, he should continue to receive the monthly benefits until he is convicted and serving a sentence. *Id*. Plaintiff alleges that the SSA office has not responded to him. *Id*. Plaintiff

---

[1] On May 7, 2025, Mr. Bisignano was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Bisignano is substituted as the defendant. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1

asks this Court to order the SSA to pay back pay, to start monthly benefits, and to provide records of the dates of payments and related offsets. *Id.*

The Court found in the MOSC that Plaintiff does not have a § 1983 claim against the SSA or the Commissioner of the SSA. *See Bingham v. Soc. Sec. Admin.*, 2014 WL 3891746, at *1 (D. D.C. 2014) (dismissing case where two state prisoners purported to sue SSA, the IRS, and the U.S. Secretary of State, finding that "section 1983 establishes a private cause of action against state actors for constitutional violations and, therefore, does not apply to the federal defendants sued here.").

The Court also found that Plaintiff does not have a *Bivens* cause of action. "The Supreme Court has held that there can be no *Bivens* cause of action against the United States government, a federal agency (such as the Social Security Administration) or government officers in their official capacities, because the deterrent effect on the individual would be lost." *Banks v. Gillie*, 2004 WL 5807334, at *4 (E.D. La. 2004) (citing *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 571, 484–86 (1994)) ("Thus, Banks cannot state any *Bivens* claim against the Social Security Administration or any of its officers because his allegations relate to action that could only be taken in an official capacity"), *adopted by* 2004 WL 626816 (E.D. La. 2004).

The Court also found in the MOSC that although District Courts have jurisdiction to review final decisions of the Commissioner of Social Security under 42 U.S.C. § 405(g), Plaintiff failed to allege that he is disputing a final decision. (Doc. 4, at 5.) Plaintiff argues in his response that he did not intend to bring this as an action under § 1983, and he is seeking mandamus relief "under Social Security judicial review law." (Doc. 6.) He asks this Court to order the SSA to pay backpay, to start monthly benefits, and to provide records of the dates of payment and related offsets. (Doc. 5, at 1.) Plaintiff states that he is "formally disputing the final decision on receiving

benefits/relief." *Id*.

The Court finds that Plaintiff has shown good cause why this matter should not be dismissed at this stage of the proceedings. The Court directs the Clerk to designate this case as a social security case, and to provide notice accordingly. *See Jones v. Bisignano*, Case No. 25-4031-JWL, 2025 WL 2966149, at *4 (D. Kan. Oct. 21, 2025) (finding that the case was not moot and stating that " it appears from the language of the Benefits Letter that Title II CDB benefits were withheld for all of the instances and for the entire time in which Title XVI SSI benefits were withheld without considering whether Plaintiff was <u>in a penal institution or correctional facility</u> was the subject of a <u>conviction</u>, and whether the conviction was for a <u>felony</u>. Finally, if some of the periods of confinement were not properly considered, then perhaps the computation of total SSI and Social Security benefits must be recomputed").

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk is directed to designate this case as a social security case, and to substitute Frank Bisignano, Commissioner of Social Security, as the defendant in this case.

**IT IS FURTHER ORDERED** that Pursuant to Rule 3 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. 405(g), the clerk is directed to notify the US Attorney and the SSA Office of General Counsel of this action electronically.

Copies of this Memorandum and Order shall be provided to Plaintiff through regular mail and to counsel for the SSA through the Court's CM/ECF system.

**IT IS SO ORDERED**.

**Dated October 22, 2025, in Kansas City, Kansas.**

                        **S/ John W. Lungstrum**
                        **JOHN W. LUNGSTRUM**
                        **UNITED STATES DISTRICT JUDGE**