## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NICHOLAS LARON BEAVER,        )
                                     )
            **Plaintiff,**        )
                                     )     **CIVIL ACTION**
v.                                 )
                                     )     **No. 25-3087-JWL**
                                     )
FRANK BISIGNANO,             )
Commissioner of Social Security,    )
                                     )
            **Defendant.**      )
_____)

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, filed this action <u>pro se</u>[1] on May 6, 2025, as a civil rights action pursuant to 42 U.S.C. § 1983.   (Doc. 1).   Thereafter the court determined this case was really a Social Security Action Under 42 U.S.C. § 405(g) on October 22, 2025 (Doc. 7) and the case became stayed pursuant to District of Kansas Standing Order 25-05 because of the lapse of appropriations which began October 1, 2025.   After the lapse in appropriations ended, the court issued a Scheduling Order to reestablish deadlines for prosecution of the case.   (Doc. 8).

---

[1] Because he appears pro se, the court construes Plaintiff's pleadings and briefs liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Travis v. Park City Mun. Corp.</u>, 565 F.3d 1252, 1254 (10th Cir. 2009). But, the court will not assume the role of advocate for him. <u>Garrett v. Selby Conner Maddux & Janer</u>, 425 F.3d 836, 840 (10th Cir. 2005).

The Commissioner responded to Plaintiff's Complaint on February 6, 2026, with a Motion to Dismiss or for Summary Judgment.   (Doc. 11).   That same day, the Commissioner sent Plaintiff a Notice to Pro Se Litigants Who Oppose a Motion for Summary Judgment.   (Doc. 12).   On February 9, 2026, the court entered an Order that Plaintiff's response to Defendant's motion was due February 27, 2026.   (Doc. 13).

When Plaintiff failed to file a timely response to the Commissioner's motion, the court issued an Order to Show Cause "no later than April 6, 2026 why the Commissioner's motion to dismiss or for summary judgment should not be granted as unopposed; and why he has not notified the court of his change of address in accordance with District of Kansas Rule 5.1(b)(3).    (Doc. 14, p.3).   The court also ordered the Clerk of Court to resend Documents 11-13 to Plaintiff's apparent new address and ordered Plaintiff to file a separate response to the Commissioner's motion if he desired to oppose it.   Id.   It is now more than three weeks after that deadline and Plaintiff has not notified the court of a correct address, has not responded to the court's orders or to the Commissioner's motion, and has filed nothing with the court.

The court has determined to dismiss this case pursuant to Fed. R. Civ. P. 41b for Plaintiff's failure to prosecute or to obey the court's orders.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."   Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002).   Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends

of justice."    Id. (quotation omitted).    In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors:    (1) The degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) whether a lesser sanction would be effective.    Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)).    "It is within a court's discretion to dismiss a case with prejudice if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice."    Ehrenhaus, 965 F.2d at 916.

Turning to the first factor, the Commissioner has suffered some prejudice by Plaintiff's failure to actively prosecute this case.    The Commissioner has invested time and effort into researching and preparing a response in this case.    Moreover, the Commissioner was required to utilize resources to monitor and review each of the court's orders and determine whether any action on his part was necessary or appropriate in the circumstances.

The second factor also somewhat supports dismissal of this action.    The manner in which Plaintiff has prosecuted this case (or, perhaps more accurately, not prosecuted this case) has risen to the level of interfering with the judicial process.    The court has invested time and effort into shepherding this case through the briefing process without success.    Plaintiff has not responded to anything in this case since June 9, 2025.

Moreover, he has been moved from the Douglas County Jail and placed by the Kansas Department of Corrections in the Lansing Correctional Facility as best the court has been able to discern, yet he has still not responded to any of the court's efforts.

This leads to consideration of the third factor which focuses on the plaintiff's culpability.   The third factor most heavily weighs in favor of dismissal.   As is more fully laid out above, Plaintiff has failed to prepare and file a response to the Commissioner's Motion or to any of the court's Orders.

The fourth factor is also satisfied.   The court's "Order to Show Cause" specifically warned Plaintiff that his failure to respond could result in dismissal of his case.   (Doc. 14).

Finally, the court considers the efficacy of lesser sanctions.   Here, the court has granted Plaintiff leniency in light of his status as a pro se litigant.   Moreover, the court has been unable to identify any appropriate lesser sanction in a Social Security case in general and this case in particular which would secure prosecution of the case.   After carefully reviewing the record before the court and the history of this case, the court concludes that no remedy short of dismissal would be effective.

After consideration of the five Ehrenhaus factors in light of the circumstances of this case, the court concludes that the factors weigh in favor of dismissal of this action. Defendants have suffered prejudice by virtue of having devoted resources to preparing and filing a response in this case and monitoring the orders entered by the court in its attempts to secure prosecution of the case. Meanwhile, this case is interfering with the

judicial process because it continues to linger on the court's docket without any meaningful progress toward resolution.   Plaintiff's culpability for this predicament is high, as he is aware of his obligation to prepare a response brief.   And the court forewarned Plaintiff that his failure to respond could result in dismissal and yet he still has not done so.   At this point in time, the court believes that dismissal is the only remedy that would be effective.

**IT IS THEREFORE ORDERED** that this case is dismissed in accordance with Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute the case or to comply with the rules of procedure and the court's orders.

Dated this 30th day of April 2026, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**
